## HAMLIN COUNTY V. TAUER.

Though Rev. Civ. Code, § 96, requires a wife to support her husband when he has no separate property, and is unable, from infirmity, to support himself, she is not bound to reimburse the county for his maintenance in the State Hospital for the Insane; Rev. Pol. Code, §§ 529, 532, providing that residents of the state committed thereto shall receive board and treatment free, and that the expense shall be a charge on the county, and there being no provision for reimbursement of the county.

(Opinion filed July 13, 1904.)

Appeal from circuit court, Hamlin county; Hon. JULIAN BENNETT, Judge.

Action by the county of Hamlin against Anna Tauer. Judgment for defendant and plaintiff appeals. Affirmed.

*W. N. Skinner,* State's Atty., for appellant.
*A. Sherin,* for respondent.


FULLER, J.   On the 15th day of July, 1890, Wentzel Tauer, a resident of Hamlin county, was duly adjudged to be of unsound mind, and was thereupon committed to the State Hospital for the Insane, where he has since been continuously confined and maintained at the expense of the county in the manner provided by statute.   This action is against Anna Tauer, the wife of such insane person, to recover something over $2,000 which it alleged has been expended by the county for the maintenance of her husband during his twelve years' confinement as a patient in the hospital.   It appears that Wentzel Tauer, at the time of his commitment to the hospital, was residing with his wife and children and owned no property, other than an interest in a government homestead situated in Hamlin county, and that such homestead has at all times subsequently been occupied and cultivated by his wife, who has used the proceeds thereof for the support of herself and their minor children.  · This appeal is from an order sustaining a demurrer and dismissing the complaint on the ground that facts sufficient to constitute a cause of action are not stated therein, and the only question to be determined is whether the defendant is liable to the county for the maintenance of her insane husband while confined in the hospital.

The statute upon which appellant relies for a reversal provides that ''the husband must support himself and wife out of his property or by his labor.   The wife must support the husband, when he has not deserted her, out of her separate property, . when   he   has   no   separable   property,   and   is

unable, from infirmity, to support himself." Section 96, Rev. Civ. Code. The framers of the Constitution mention the insane hospital as a charitable institution to be controlled by the State Board of Charities and Corrections, subject to legislative rules and restrictions, and the statute expressly provides that "All residents of the state who are, or may become inmates of the hospital, shall receive their board, tuition, and treatment free of charge during their stay. * * * The expenses for the care, board and keeping of patients in the hospital for the insane shall be a charge upon each county sending such patient or patients to the hospital." Sections 529, 532, Rev. Pol. Code. With the single exception of a case where the insane person has an estate and no heirs in the United States dependent thereon for support, there is nothing in our legislative system of caring for the insane which contemplates reimbursement to the county from which patients are sent to the hospital. As declared by statute, the object of the hospital is "to receive and care for all insane persons residing within the state, who may be committed to its care in accordance with law, and to furnish all needed medical treatment seclusion, rest, restraint, attendance, amusement, occupation, and support which may tend to restore their health and recover them from insanity or to alleviate their sufferings." Section 520, Rev. Pol. Code. Moreover, money paid to the superintendent of the hospital by patients who are unwilling to accept gratuitous maintenance must be treated as a donation, and is not credited to the county of which such patient is a resident. Section 529, Id.

The money paid for the maintenance of Wentzel Tauer at the Hospital for the Insane, was raised by taxation uniformly

levied upon all the property of the county, including respondent's homestead. As no obligation exists in favor of taxpayers against respondent, and no provision is made for the reimbursement of the county, a cause of action was not stated, and the judgment dismissing the complaint is affirmed.